IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



JAMES SIMPSON,

    Plaintiff,

v.                                     Civil Action No. **3:18CV547**

**SUPREME COURT OF VIRGINIA,** *et al.,*

    Defendants.

## MEMORANDUM OPINION

James Simpson, a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this action. Here, in his initial pleading to this Court titled, "Criminal Complaint," Plaintiff requests that this Court "issue an arrest warrant" for the Chief Justice of the Supreme Court of Virginia, Donald W. Lemons. (ECF No. 1, at 1.) Pursuant to the Prison Litigation Reform Act ("PLRA") this Court must dismiss any action filed by an individual proceeding *in forma pauperis* if the Court determines the action "is frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i); *see* 28 U.S.C. § 1915A. The first standard includes claims based upon "an indisputably meritless legal theory," or claims where the "factual contentions are clearly baseless." *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). It is both unnecessary and inappropriate to engage in an extended discussion of the utter lack of merit of Simpson's action. *See Cochran v. Morris*, 73 F.3d 1310, 1315 (4th Cir. 1996) (emphasizing that "abbreviated treatment" is consistent with Congress's vision for the disposition of frivolous or "insubstantial claims" (citing *Neitzke v. Williams*, 490 U.S. 319, 324 (1989))). "[T]he Court cannot initiate criminal or regulatory investigations of any defendant. Rather, authority to initiate criminal complaints rests exclusively with state and federal prosecutors." *Barron v. Katz*, No. 6:17–195–KKC, 2017 WL 3431397, at *1 (E.D. Ky. Aug. 9, 2017) (citing *Sahagian v. Dickey*, 646 F. Supp.

1502, 1506 (W.D. Wis. 1986)). Furthermore, Simpson as "a private citizen lacks a judicially cognizable interest in the [criminal] prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *see Lopez v. Robinson*, 914 F.2d 486, 494 (4th Cir. 1990) ("No citizen has an enforceable right to institute a criminal prosecution."). Accordingly, the action will be DISMISSED AS FRIVOLOUS. Simpson's outstanding motions (ECF Nos. 12, 13) will be DENIED.

The Clerk will be DIRECTED to note the disposition of the action for purposes of 28 U.S.C. § 1915(g).

An appropriate Order will accompany this Memorandum Opinion.

Date: 18 March 2019
Richmond, Virginia

/s/
John A. Gibney, Jr.
United States District Judge